**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVE RUSSELL,

       Petitioner,                CASE NO. 08-11596
                                       HON. MARIANNE O. BATTANI

v.

DEBRA SCUTT,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S APPLICATION
## FOR THE WRIT OF HABEAS CORPUS

Petitioner Steve Russell, currently a state prisoner at the RMI Michigan Reformatory in Ionia, Michigan, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** with prejudice the Petition for Writ of Habeas Corpus.

**I. BACKGROUND**

A jury convicted Russell of aggravated stalking in violation of MICH. COMP. LAWS § 750.411i, possession of a firearm during the commission of a felony (felony-firearm) in violation of MICH. COMP. LAWS § 750.227b, and possession of a firearm by a felon in violation of MICH. COMP. LAWS § 750.224f. Because the trial court found substantial and compelling reasons existed for deviating from the sentencing guideline range for aggravated stalking, Russell's sentence increased from a range of ten to twenty-three months to a range of forty to sixty months of imprisonment.

Russell appealed raising two arguments: whether there was sufficient evidence to sustain his felony firearm conviction because of the state's failure to show he

possessed a firearm during both acts used to constitute the predicate felony of aggravated stalking; and whether he must be resentenced given the trial court's failure to provide substantial and compelling reasons when it sentenced him in excess of the sentencing guidelines.

The Michigan Court of Appeals affirmed Russell's conviction on August 16, 2007. The Michigan Supreme Court denied his application for leave to appeal on February 19, 2009. People v. Russell, No. 135364. Petitioner then filed his federal habeas petition, asserting the same claims that he raised on direct appeal. Respondent filed an answer to the petition arguing that the claim lacks merit.

## II.  STANDARD OF REVIEW

According to 28 U.S.C. § 2254, as amended by the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"), the following standard of review is imposed on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254 also dictates that federal courts must presume the correctness of state court factual determinations upon habeas review:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

The Supreme Court has explained the phrase, "clearly established federal law," as referring to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). The holdings of Supreme Court decisions, as opposed to the dicta, form the governing legal principles of a particular time. Williams v. Taylor, 529 U.S. 362, 412 (2000). Thus, a federal court conducting habeas review must look to relevant Supreme Court precedent at the time the state court rendered its decision. See Id.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite of that reached by the Supreme Court on a question of law, or if the state court reaches a substantially different conclusion than the Court based upon a set of materially indistinguishable facts. Id. at 412-13.

An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A federal habeas court may not, however, find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, a habeas petitioner must demonstrate that the state court's application of clearly established federal law to the facts of his case was

3

objectively unreasonable. Price v. Vincent, 538 U.S. 634, 641 (2003). Bearing in mind these standards of review, the Court now considers the merits of Petitioner's objections.

## III. ANALYSIS

### A. Sufficiency of the Evidence

Petitioner argues the state presented insufficient evidence for his conviction of felony firearm because the evidence only established that he possessed a firearm during one of the two acts used to show he committed aggravated stalking. The Michigan Court of Appeals rejected this argument, which Russell advanced in his direct appeal, after reviewing the statutory language defining the crime of stalking, aggravated stalking, and felony-firearm. It reasoned:

> Witnesses testified that defendant admitted going to the marital home and removing the guns and that he observed people at that location through the scope of his rifle. When defendant took the guns he also went through the marital property, leaving the home in a state of disarray and then hid out in the home's well house. The entry onto the marital property and the threatening phone call were made in violation of both a personal protection order and the terms of defendant's probation. Because the felony of aggravated stalking was not completed until the second noncontinuous act of stalking occurred, defendant's possession of the firearm on that date was sufficient to sustain his conviction for felony-firearm.

People v. Russell, No. 268603, 2007 WL 2331060 * 2 (Mich. Ct. App. August 16, 2007).

Without question, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). Nevertheless, this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v.

4

Virginia, 443 U.S. 307, 318 (1979).  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 318-19 (internal citation and footnotes omitted) (emphasis in original).  This "standard must be applied with explicit references to the substantive elements of the criminal offense as defined by state law." Id. at n. 16.  "[N]ormally, pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent." Wolfe v. Bock, 412 F. Supp.2d 657, 681 (E.D. Mich. 2006).

In circumstances where a petitioner asserts "[a] claim that the state court misunderstood the substantive requirements of state law [he] does not present a claim under § 2254.  A federal court may not issue the writ on the basis of a perceived error of state law." Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.2002) (quoting Bates v. McCaughtrey, 934 F.2d 99, 102 (7th Cir.1991)).  Thus, it is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74 (2005).  "[S]tate courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). As explained by the Sixth Circuit in Sanford, 288 F.3d at 860:

> When a state court enters or affirms a conviction, it is saying that the evidence satisfies the legal norms. These norms are for the state to select. State law means what state courts say it means. A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254.

Here the state court examined what evidence was essential to establish felony firearm based on the felony of aggravated stalking. This issue presents a question of state law. Russell asks this Court to review whether the state courts "rightly understood" state law. His request is not viable under habeas law. Sanford, 288 F.3d at 860.

**B. Sentencing**

Russell also objects to the upward departure from his sentence rage of ten to twenty-three months under the sentencing guidelines to the maximum possible sentence of forty to sixty months. According to Russell, the trial judge's upward departure was unwarranted, and the trial court failed to give "substantial and compelling" reasons for the departure. Again Russell raised this claim on direct appeal, albeit unsuccessfully.

Under MICH. COMP. LAWS § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines. Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. Howard v. White, No. 03-104276, 2003WL 22146139 (6th Cir. Sept. 16, 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); see also McPhail v. Renico, 412 F. Supp.2d 647, 656 (E.D. Mich. 2006) (error in scoring sentencing guidelines is matter of state law). Thus, to the extent that Petitioner claims the trial court erred in carrying out state law sentencing procedures, habeas relief is unavailable. "In short, [P]etitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." Doyle v. Scutt, 347 F. Supp.2d 474,

485 (E.D. Mich. 2004). Accordingly, any error in the trial court's departure above the guideline range does not merit habeas relief.

## IV. CONCLUSION

For the reasons stated, the Court **DENIES** the petition for writ of habeas corpus. Because this decision is adverse to the petitioner, the Court is obliged under Rule 11 of the Rules Governing Section 2254 Proceedings to "issue or deny a certificate of appealability."

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate its conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

**IT IS SO ORDERED**.

s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

DATED: October 19, 2010

**CERTIFICATE OF SERVICE**

      Copies of this Order were served upon Steve Russell and counsel of record on this date via ordinary U.S. Mail and/or electronically.

                                              s/Bernadette M. Thebolt
                                              Case Manager